IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY DUMAS,

    Plaintiff,

v.

                                                       No. Civ. 00-352 MV/RLP

COSTCO WHOLESALE CORPORATION,
a Washington corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint to Add Counts for Intentional Spoliation of Evidence and Negligence for the Destruction of Potential Evidence, filed March 30, 2001 **[Doc. No. 48]** and Plaintiff's Motion to Substitute Parties, filed April 25, 2001 **[Doc. No. 56]** and re-filed as Plaintiff's Unopposed Motion to Substitute Parties, filed May 18, 2001 **[Doc. No. 57]**.  The Court, having reviewed the motions and responses, and being otherwise fully advised, finds that the Motion to Amend is not well-taken and will be **DENIED**; the unopposed Motion to Substitute Parties is well-taken and will be **GRANTED.**

### BACKGROUND

Plaintiff commenced this action by filing a personal injury complaint in the Second Judicial District of the State of New Mexico.  In her complaint, Plaintiff set forth the following factual allegations.  On or about September 7, 1999, Plaintiff, an elderly woman, was a visitor at a Price

Costco store in Albuquerque, New Mexico. She was there to shop with her adult daughters. While walking near the checkout aisles, Plaintiff slipped on a piece of lettuce or other produce and fell to the floor, suffering injuries. Plaintiff alleged that she was exercising reasonable care to ensure her own safety, that Defendant had a duty to exercise ordinary care to keep its premises safe for its visitors, that Defendant had a duty to make reasonable inspections of its premises for dangerous conditions, that Defendant is charged with knowledge of any condition on its premises of which the owner would have had knowledge had it made a reasonable inspection of the premises, the Plaintiff was unaware of any dangerous conditions at Defendant's store, and that Defendant's negligence proximately caused Plaintiff's injuries. Defendants timely removed the action to this Court under 28 U.S.C. § 1441.

On March 30, 2001, Plaintiff sought leave to amend her complaint to add Count II (Intentional Spoliation of Evidence) and Count III (Negligence for the Destruction of Potential Evidence). Defendant timely responded to the motion. Unfortunately, Plaintiff passed away on April 23, 2001. Plaintiff's counsel has filed a suggestion of death and a motion to substitute Plaintiff's Personal Representative as Plaintiff in this action. This motion is unopposed.

**STANDARD OF REVIEW**

Responsive pleadings have been filed; therefore, Plaintiff may amend her complaint only by leave of Court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure instruct, and the Supreme Court has emphasized, that "leave is to be freely given when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178 (1962). A Court may refuse leave to amend "for various reasons including 'undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

previously allowed, [and] futility of amendment.'" *Maya v. General Motors Corp.*, 953 F.Supp. 1245, 1250 (D.N.M. 1996) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Untimeliness alone may be sufficient reason to deny leave to amend, "'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Frank*, 3 F.3d at 1365-66).

The Federal Rules of Civil Procedure provide for substitution of parties when "a party dies and the claim is not thereby extinguished." Fed. R. Civ. P. 25(a)(1). The party, successors, or representatives seeking substitution must serve a motion for substitution on "the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons." *Id.* The Rules also impose a 90-day time limit for seeking substitution. *Id.*

## ANALYSIS

### Motion to Amend

The action has been pending before this Court since March of 2000 and the discovery deadline expired in December of 2000. Plaintiff states that she did not include Counts II and III in her original complaint because she only became aware of the existence of the claims during the course of discovery. Even so, Defendants correctly point out that Plaintiff had all of the information necessary to present these claims as of September 2000, prior to the expiration of the discovery deadline. Plaintiff did not present the claim until March 2001, approximately six months after learning of the existence of the claim, four months after the expiration of the discovery deadline, and two months prior to the date of trial.[1] Accordingly, the Court finds that the motion is untimely. *See Stichting Mayflower Recreational Fonds v. Newpark Resources, Inc.*,

---

[1] The originally-scheduled May 14, 2001 trial date has since been vacated.

917 F.2d 1239, 1249 (10th Cir. 1990) (denial of motion to amend affirmed where motion filed after the completion of discovery and shortly before the trial was scheduled to begin.)

The Court also finds that amendment is simply not warranted here. Intentional Spoliation of Evidence is a cognizable claim in New Mexico. *See Coleman v. Eddy Potash, Inc.*, 905 P.2d 185, 187 (N.M. 1995). To succeed on such a claim, the Plaintiff is required to demonstrate "(1) the existence of a potential lawsuit; (2) the defendant's knowledge of the potential lawsuit; (3) the destruction, mutilation, or significant alteration of potential evidence; (4) intent on the part of the defendant to disrupt or defeat the lawsuit; (5) a causal relationship between the act of spoliation and the inability to prove the lawsuit; and (6) damages." *Torres v. El Paso Elec. Co.*, 987 P.2d 386, 401 (N.M. 1999) (citing *Coleman*, 905 P.2d at 189).

The indisputed facts adduced so far demonstrate that a Costco employee inspected the scene of the accident approximately fifteen minutes after Plaintiff was taken to the hospital; that this employee found a piece of green pepper approximately four feet from where Plaintiff landed on the floor; that the employee then deposited the piece of pepper in the trash; and that the employee subsequently completed a report of the incident, on which she specifically noted the existence and location of the green pepper. Plaintiff claims that the act of throwing the pepper in the trashcan constituted intentional spoliation of evidence.

Assuming Plaintiff can demonstrate that, fifteen minutes after the accident, a potential lawsuit existed, Plaintiff has put forward no evidence to support a contention that the Costco employee knew of this potential lawsuit or that the employee intended to disrupt or defeat the lawsuit. To the contrary, the undisputed evidence shows that the employee noted the existence and location of the pepper in her report. Moreover, Plaintiff has produced no evidence to support

a claim that there is a causal connection between the employee's disposal of the pepper and Plaintiff's failure to prove her case. The existence and location of the pepper are undisputed. The Court finds that there is no merit to the contention that Plaintiff will be unable to prove her case without being able to show the jury a rotten or frozen piece of pepper. Therefore, the Court finds that, as a matter of law, Plaintiff cannot state a claim for intentional spoliation of evidence.

Negligent spoliation of evidence is not a cognizable claim in New Mexico; rather, New Mexico applies traditional principles of negligence to claims that evidence was negligently spoiled. *See Coleman*, 905 P.2d at 187, 190; *see also Torres*, 987 P.2d at 403. The traditional requirements for a cause of action founded upon negligence are duty, breach, proximate causation, and damages. *See Coleman*, 905 P.2d at 190 (citing *Tafoya v. Seay Bros. Corp.*, 890 P.2d 803, 805 (N.M. 1995)). "The recognition of a duty in any given situation is essentially a legal policy determination that the plaintiff's injured interests are entitled to protection." *Id.* (citing *Calkins v. Cox Estates*, 792 P.2d 36, 39 (N.M. 1990)). In New Mexico, "a property owner has no duty to preserve or safeguard his or her property for the benefit of other individuals in a potential lawsuit" unless such a duty can be based on "an agreement or contract between the parties, on applicable state statutes and regulations, or on other special circumstances." *Id.* at 190-91. Plaintiff has not argued that Costco owed Plaintiff a duty, based on an agreement or contract, state statutes, or "other special circumstances," to preserve the piece of pepper. Therefore, the Court finds that, as a matter of law, Plaintiff cannot state a claim for negligence either.

Because Plaintiff cannot state a claim for intentional spoliation of evidence or for negligence in failing to preserve evidence, the motion to amend must be denied as futile. *Accord*

5

*Bauchman for Bauchman v. West High School*, 132 F.3d 542, 561-62 (10th Cir. 1997) (internal citations omitted) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."); *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 188-89 (10th Cir. 2000) ("the district court properly denied appellants' motion for leave to amend for, as a matter of law, the amended complaint would not have stated a claim on which relief could be granted."); *Archer Daniels Midland Co. v. Hartford Fire Ins. Co.*, 243 F.3d 369, 375 (7th Cir. 2001) (holding that it is "sensible" for the court to consider likelihood of prevailing on the merits, because "if the destination is fated, it is best to avoid the travail of the journey."); *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999) (motion to amend "futile" where proposed new claims failed to set forth cause of action).[2]

## Motion to Substitute Parties

As noted above, Plaintiff's Motion to Substitute Parties under Fed. R. Civ. P. 25(a)(1) is unopposed. Moreover, there is nothing to indicate that Plaintiff's claim was extinguished by her death, that service was improper, or that the time limit for seeking substitution has expired. Therefore, the Court finds that substitution is warranted and will, therefore, grant Plaintiff's Motion to Substitute Plaintiff's Personal Representative as Plaintiff in this action.

---

[2] Plaintiff claims that, in addition to disposing of the green pepper, Defendant either intentionally or negligently spoiled evidence by failing to investigate the identity of a woman who approached Plaintiff and her daughters shortly after the accident, held up a piece of lettuce, and asserted that Plaintiff had fallen on the lettuce. Plaintiff has not alleged any facts, however, that would support a claim that the failure to investigate this woman's identity was motivated by an intention to disrupt or defeat a lawsuit that was not even yet in existence. Plaintiff has also not alleged any facts that would support a contention that Defendant owed Plaintiff a duty, under traditional negligence principles, to investigate the woman's identity. Therefore, the Court finds that amendment is not warranted on this ground either.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Amend **[Doc. No. 48]** is hereby **DENIED.** Plaintiff's Motion to Substitute **[Doc. Nos. 56 and 57]** is hereby **GRANTED.** The Clerk's Office is hereby directed to substitute Plaintiff's Personal Representative, Dee Ann Cline, as Plaintiff in this action.

                                                                      _____
                                                                      MARTHA VÁZQUEZ
                                                                      UNITED STATES DISTRICT JUDGE

Plaintiffs' Attorney
        Steven Tal Young

Defendant's Attorney
        Michael P. Clemens
        S. Carolyn Ramos